**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-05-00727-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| John Oather Haltom, | |
| Defendant. | |

Defendant John Haltom has filed a one-page motion for compassionate release. Doc. 132. The government has filed a response. Doc. 133. For reasons stated below, the Court will deny the motion.

## I.      Background.

In 2007, Defendant pled guilty to possession with intent to distribute 500 or more grams of methamphetamine in violation of 21 U.S.C. §841(a), and possession of a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. §924(c). Docs. 55, 82. He was sentenced to 96 months in prison followed by five years of supervised release. Doc. 81.

In June 2019, the Court revoked Defendant's supervised release and sentenced him to 3 months in prison followed by 57 months of supervised release. Doc. 110. On August 27, 2020, the Court again revoked Defendant's supervised release and sentenced him to 6 months in prison followed by 48 months of supervised release. Doc. 130.

Defendant presently is in federal custody at the Central Arizona Florence Correctional Complex ("CAFCC").  *See* Doc. 132 at 2.

Defendant seeks compassionate release to care for his elderly widowed father.  *Id.* at 1.[1]  The government argues that the motion must be denied because Defendant has not exhausted his administrative remedies.  Doc. 171 at 9.  The Court agrees.

## II.   Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018.  Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)).  Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director.  *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020).  The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners.  *See id.*; *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) ("The First Step Act materially altered § 3582(c)(1)(A) as previously only the [BOP] Director could bring a motion for compassionate release.") (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).  A prisoner may bring a motion for compassionate release only after (1) requesting the warden of his facility make such a motion on his behalf, and (2) exhausting all administrative appeals after the warden has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier. § 3582(c)(1)(A); *see United States v. Millage*, No. 3:13-CR-234-SI, 2020 WL 2857165, at *1 (D. Or. June 2, 2020).

## III.   Defendant's Motion.

Defendant does not claim to have filed a request for compassionate release with the warden of the CAFCC.  The requirement to exhaust administrative remedies or wait 30

---

[1]   Defendant, unlike many other defendants who recently have sought compassionate release, does not claim to be at risk of contracting COVID-19 while confined at the CAFCC.

days after the warden receives a request for compassionate release is mandatory and cannot be waived by the Court.  *See United States v. Brown*, No. 3:18-CR-228-DPJ-FKB, 2020 WL 3213415, at *2 (S.D. Miss. June 15, 2020)  ("The Court's analysis of the statutory exhaustion requirement 'begins with the text.'  As noted, § 3582(c)(1) states that 'the court may not' modify Brown's sentence until he exhausts his remedies.  Nothing in § 3582(c) grants authority to waive this requirement.") (internal citation omitted); *United States v. Drummondo-Farias*, --- F. Supp. 3d ----, 2020 WL 2616119, at *3 (D. Haw. May 19, 2020) ("§ 3582(c)(1)(A) is a statutory exhaustion requirement – not a judicially-created requirement. . . .  [E]xhaustion is mandatory – nothing in the text of [the] statute suggests allowance for equitable or judicial exceptions."); *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020) ("The critical inquiry is whether the text of § 3582 allows for the Court to excuse Defendant's failure to exhaust her administrative remedies.  There is no indication in the statutory text, nor has Defendant pointed to other supporting evidence, that would establish Congress meant to confer on the courts the authority to waive exhaustion.").[2]   Thus, while the Court understands Defendant's concerns about his father's declining health and his desire to care for his father (Doc. 132), the Court lacks authority to grant his motion.  *See Weidenhamer*, 2020 WL 1929200, at *2; *United States v. Arciero*, No. CR 13-001036 SOM, 2020 WL 3037073, at *4 (D. Haw. June 5, 2020) ("Because Arciero has failed to exhaust her prison administrative remedies, this court lacks the authority to grant the relief she requests"); *United States v. Gray*, No. 18CR2118-JLS, 2020 WL 2991514, at *2 (S.D. Cal. June 4, 2020) ("The record establishes that neither Defendant nor his counsel have submitted a request for Section 3582(c) relief to the warden of the facility.  Because the statutory language clearly requires as much before the Court may act, the Court may not excuse any

---

[2] Four Circuits have held that the administrative exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional and instead is a mandatory claim-processing rule that binds courts when not waived by the government.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Franco*, , --- F.3d ----, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020); *United States v. Alam*, --- F.3d ----, 2020 WL 2845694, at *2-3 (6th Cir. June 2, 2020); *United States v. Springer*, --- F.3d ----, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020).  The Ninth Circuit has not yet addressed this issue.

failure to exhaust administrative remedies and lacks authority to consider Defendant's motion until the exhaustion requirement has been met.").[3]

**IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 132) is **denied**.

Dated this 1st day of October, 2020.

David G. Campbell
Senior United States District Judge

---

[3] Given this ruling, the Court need not address whether Defendant has shown the requisite extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A)(i) or whether such release is consistent with the factors set forth in 18 U.S.C. § 3553(a).